# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

### CIVIL NO. 1:04CV107
### (1:99CR113)

| | | |
|---|---|---|
| COLIA McKNIGHT | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

On January 10, 2000, the Petitioner entered a plea of guilty to the one-count bill of indictment charging him with possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). *See* **Bill of Indictment, filed December 6, 1999; Rule 11 Inquiry and Order of Acceptance of Plea, filed January 10, 2000.** Subsequently, a presentence report was prepared which provided a base offense level of 32 and added a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § D1.1(b)(1). At sentencing, the Court accepted this recommended enhancement and sentenced the Petitioner to a term of 135 months of imprisonment on December 11, 2000. **Judgment in a Criminal Case, filed January 16, 2001.** The Court reduced the Petitioner's sentence to a term of 120 months on motion of the United States. *See,* **Rule 35 Motion, filed January 15, 2003; Order, filed January 16, 2003.**

On September 8, 2003, the Petitioner filed a motion requesting the Court remove the two-level enhancement for use of a firearm because such enhancement prevented his participation in some of the programs offered by the Bureau of Prisons. The motion was denied by Order filed September 11, 2003, and again on reconsideration by Order filed September 29, 2003. The Petitioner filed his § 2255 motion on June 9, 2004. Thereafter, on August 2, 2004, and March 25, 2005, Petitioner supplemented his original petition with further filings. In sum, he alleges that the two-level enhancement was not supported by a jury verdict as required by *Blakely v. Washington,* 542 U.S. 296 (2004), *United States v. Booker,* 125 S. Ct. 738 (2005), and *United States v. Hughes,* 401 F.3d 540 (4th Cir. 2005).

In *Blakely,* the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000), because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance

the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions that were final at the time it was decided. ***United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Marshall*, 117 Fed. Appx. 269, 270 (4th Cir. 2004).**

The Petitioner also seeks relief based on the recent Supreme Court decision in *Booker*. Every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not. ***Green, supra*; *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).**

> In *Booker* the Supreme Court noted that its holdings in that case apply to "all cases on direct review" but made no explicit statement of retroactivity to collateral cases. Thus . . . [*Booker* does not] apply retroactively to [Petitioner's] collateral challenge.

***Green, supra*** (quoting ***Booker*, 125 S. Ct. at 769).** The Fourth Circuit is likewise in agreement. "[N]either *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review." ***United States v. Fowler*, 2005 WL 1416002 (4th Cir. 2005).** Petitioner's reliance on *Hughes* is also misplaced. In *Hughes*, the Fourth Circuit addressed a Sixth Amendment error in a case on <u>direct</u> review. The ruling does nothing to alter the apparently unanimous opinions of circuit courts around the nation that the remedies articulated in *Booker* and *Blakely* are not available to cases on <u>collateral</u> <u>review</u>.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motions to supplement his §
2255 motion are **ALLOWED**, and Petitioner's § 2255 motion is hereby amended as reflected
therein.

**IT IS FURTHER ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255
is hereby **DENIED.** A Judgment is filed herewith.

**Signed: July 18, 2005**

Lacy H. Thornburg
United States District Judge